UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,   Criminal No. 18-289 (DWF)

   Plaintiff,

v.   **ORDER**

Paris La Monte Hunter,

   Defendant.

This matter is before the Court on Defendant Paris La Monte Hunter's ("Hunter") *pro se* Motion for Reconsideration (Doc. No. 90 ("Motion")) of the Court's February 16, 2021 Order denying his motion for compassionate release in light of his family circumstances and the COVID-19 pandemic (Doc. No. 89 ("Denial")).[1]

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."[2] *Hagerman v. Yukon Energy*

---

[1] The Court found that neither Hunter's family circumstances nor his medical conditions, alone or in combination with his generalized fear about the danger of COVID-19 in a prison setting, constituted an extraordinary and compelling reason to warrant compassionate release. (Denial at 7-9.) The Court also found that even if Hunter did present an extraordinary and compelling reason, release was not warranted because the Court could not conclude that Hunter no longer posed a danger to the community and because the factors set forth in 18 U.S.C. § 3553(a) weighed against release. (*Id.* at 10.)

[2] Although motions for reconsideration are not addressed in the Federal Rules of Criminal Procedure, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), the Supreme Court of the United States has recognized that motions for reconsideration are "a well-established procedural rule for criminal, as well as civil, litigation," *United States v. Healy*, 376 U.S. 75, 80 (1964).

*Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted).  The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted).

Hunter presents no new information but argues that reconsideration is appropriate because the Court improperly relied on the Sentencing Commission's Policy Statement set forth in U.S.S.G. §1B1.13 ("Statement") when the Court concluded that Hunter did not present extraordinary and compelling circumstances.[3]  (Motion at 1.)

The Court acknowledges that there is ongoing litigation over whether the Statement applies to motions initiated by a defendant and that other courts have found that the Statement does not apply to such motions.  *See McCoy*, 981 F.3d 271 at 281; *United States v. Brooker,* 976 F.3d 228 at 234 (2d Cir. 2020); *United States v. Jones,* 980 F.3d 1098 at 1110-11 (6th Cir. Nov. 20, 2020); *United States v. Gunn,* 980 F.3d 1178,

---

[3]  The Statement provides, "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C § 3582(c)(1)(A), the court may reduce a defendant's term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that:  (1) extraordinary and compelling reasons warrant the reduction . . . (2) [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) [t]he reduction is consistent with this policy statement."  USSG § 1B1.13 ("Statement").

The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.

1180 (7th Cir. Nov. 20, 2020).  The Court also notes that several other courts do apply the Statement to motions initiated by a defendant and that the Eighth Circuit has not yet considered the issue.  Accordingly, the Court declines to reconsider its Denial on this basis because there is no authority compelling it do so.  Even if the Court were to exercise broader discretion, it still finds that Hunter's circumstances are insufficiently extraordinary and compelling.

Moreover, Hunter presents nothing to alter the Court's conclusion that release is not warranted because Hunter continues to pose a threat to the safety of the community and because the § 3553(a) sentencing factors weigh against release.  Accordingly, the Court finds no basis to reconsider its Denial.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Paris La Monte Hunter's *pro se* Motion for Reconsideration (Doc. No. [90]) of the Court's February 16, 2021 Order denying his motion for compassionate release in light of his family circumstances and the COVID-19 pandemic (Doc. No. [89]) is **DENIED**.

Date: March 11, 2021                                s/Donovan W. Frank
                                                                        DONOVAN W. FRANK
                                                                       United States District Judge