UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                   Criminal No. 18-289 (DWF)

        Plaintiff,

v.                                                                                    **ORDER**

Paris La Monte Hunter,

        Defendant.

This matter is before the Court on Defendant Paris La Monte Hunter's ("Hunter") *pro se* motion for an extension of time to file a motion pursuant to 28 U.S.C. § 2255 (Doc. No. 98 ("Motion").)  Hunter states that an extension is necessary because the COVID-19 pandemic has limited his access to the library.  (Motion at 1.)  For the reasons set for the below, the Court respectfully denies Hunter's Motion.

On December 20, 2018, Hunter pled guilty to two counts of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e).  (Doc. Nos. 22, 25.)  On May 6, 2019, this Court sentenced him to 380 months' imprisonment followed by a lifetime of supervised released.  (Doc. Nos. 46, 47.)  After an appeal, the Eighth Circuit affirmed this Court's sentence on September 2, 2020.  *United States v. Hunter*, 819 F. App'x 470 (8th Cir. 2020) (per curiam).  Hunter did not seek certiorari; therefore, his conviction became final 90 days following the Eighth Circuit's opinion, that is, on December 1, 2020.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or

denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Hunter has not filed a motion under § 2255, but rather, asks the Court to extend the deadline for him to do so. The Court lacks the jurisdiction to grant his request. Specifically, this Court's jurisdiction over Hunter's criminal case existed under 18 U.S.C. § 3231 which provides jurisdiction over "all offenses against the laws of the United States." That jurisdiction ended on December 1, 2020 when Hunter's sentencing judgment became final.

To the extent that Hunter relies on § 2255 as a separate jurisdictional basis under which this Court may act, the Court notes that his request is premature because he has not filed a § 2255 motion. The Court therefore lacks jurisdiction to consider his request. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018) ("§ 3231 by itself doesn't give the district court jurisdiction over all postconviction motions, particularly motions filed in anticipation of filing a § 2255 motion."); *see also United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (observing that a court's jurisdiction over a criminal case "does not by itself provide a basis for considering" a motion for an extension of time where no § 2255 motion has been filed).

Even if the Court were to construe Hunter's Motion liberally as sufficient to raise a claim under § 2255—which it does not—his Motion would still fail as untimely.[1] A motion under section 2255 provides a person in federal custody with a limited

---

[1] Hunter does not state any basis for a claim under § 2255; he only asks that his time to file any such motion be extended. (*See* Motion.)

opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). Importantly, section 2255 actions have a one-year limitation period that runs from the latest of the date which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because there are no facts before this Court as to subparagraphs 2 through 4, the Court assumes that the triggering event for any § 2255 motion is the finality of Hunter's conviction. Because of the one-year limitation period, though, the deadline for Hunter to file a § 2255 motion expired on December 1, 2021. Therefore, any § 2255 motion Hunter files after that date is untimely. Accordingly, the Court finds that at best, Hunter's Motion must be construed as a request for this Court to apply equitable tolling to any forthcoming § 2255 motion.

Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). It applies only where "extraordinary circumstances beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1092-93 (8th Cir. 2005). To invoke the doctrine of equitable tolling, a prisoner must show, "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstances stood in his way." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2014).

Here, the Court finds that Hunter fails to show that he has been pursuing his rights diligently or that some extraordinary circumstances stood in his way. Specifically, while Hunter claims that he has had limited access to the library, the record reflects that Hunter has successfully filed a number of other motions. (*See, e.g.,* Doc. Nos. 74 (motion for compassionate release); 78, 94 (motions for appointment of counsel); 90, 96 (motions to for the Court to reconsider its rulings). Despite these numerous pleadings, Hunter has not filed a § 2255 motion. The Court cannot conclude that Hunter has been pursuing his rights diligently when he has chosen to pursue other avenues of relief rather than to pursue a § 2255 motion.

The Court similarly finds that Hunter has failed to show that the COVID-19 pandemic is an extraordinary circumstance that has prevented him from filing a § 2255 motion. This Court agrees with other courts that "the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *Howard v. United States*, Civ. No. 4:20-1632 JAR, 2021 WL 409841, at *3 (E.D. Mo. Feb. 5, 2021), *certificate of appealability denied*, Civ. No. 21-1592, 2021 WL 4177744 (8th Cir. May 17, 2021) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States v. Henry*, Cr. No. 2:17-180, 2020 WL 7332657, at *5 (W.D. Pa. Dec. 14, 2020)).

Here, Hunter does not state how limited his access to the library was or indicate what access he did and did not have. He also fails to indicate how the COVID-19 pandemic impacted his ability to pursue a § 2255 motion but did not impact his ability to pursue other avenues of relief. Because Hunter has not shown that the COVID-19 pandemic—or any other external force—rather than his own lack of diligence impacted his ability to timely file a § 2255 motion, the Court cannot conclude that equitable is warranted.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Paris La Monte Hunter's *pro se* motion for an extension of time to file a motion pursuant to 28 U.S.C. § 2255 (Doc. No. [98]) is respectfully **DENIED**.

Dated:  March 16, 2022               s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge